IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Caitlin Heafner,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Seaco National Corp., and Tyrone Bean,<br><br>　　　　Defendants. | Case No.: _____<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

　　The Plaintiff, Caitlin Heafner (hereinafter styled "Ms. Heafner"), brings this Complaint against Tyrone Bean (hereinafter styled "Defendant Bean") and Seaco National Corp. (hereinafter styled "Defendant Seaco"; hereinafter, collectively styled "Defendants") based upon the allegations set forth below:

### FACTS, PARTIES, JURISDICTION, & VENUE

1. Plaintiff is a citizen and resident of the state of South Carolina.

2. At all times relevant to this action Defendant Bean was a citizen and resident of the state of Georgia.

3. At all times relevant to this action, Defendant Seaco was a corporation organized and existing under the laws of the State of Georgia with its principal office in Austell, Georgia.

4. Because Plaintiff is a citizen and resident of South Carolina, Defendant Bean is a resident of the State of Georgia, and Defendant Seaco is organized and existing under the laws of the State of Georgia, with its principal place of business in Georgia, there is complete diversity of the parties.

5. This controversy stems from a wreck caused by Defendant Bean who was driving a commercial tractor-trailer on Highway 1 in Lexington County, South Carolina on November 20, 2023, as an employee and/or agent of Defendant Seaco.

6. Defendant Bean veered into oncoming traffic while Ms. Heafner was in the same lane of oncoming traffic on Highway 1, causing Defendant Bean to collide the tractor-trailer he was operating with Ms. Heafner's vehicle.

7. As a result of the crash, Plaintiff sustained severe injury.

8. The collision occurred in Lexington County, South Carolina.

9. Defendant Bean was acting as an employee and/or agent of Defendant Seaco at the time of the collision.

10. Defendant Seaco is liable for Defendant Bean's actions that contributed to the collision under the doctrine of respondeat superior.

11. Defendants are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

12. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiff sustained past, present, and future damages, including but not limited to:

    a. expenses for medical services;

    b. physical impairment;

    c. lost enjoyment of life;

    d. physical pain and suffering;

    e. mental anguish; and

    f. such other particulars as may be found through discovery or trial.

13. Because of the severe injuries sustained by Plaintiff, the amount in controversy exceeds $75,000.00.

14. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §1332.

15. This Court also has personal jurisdiction over Defendants because Defendant Seaco is in the business of freight hauling and the company and its agents use the interstates and highways of the State of South Carolina to conduct Defendant Seaco's business.

16. By using the interstates and highways of the State of South Carolina, Defendants have purposely availed themselves of the privileges and benefits of conducting commercial activity in the State of South Carolina.

17. Venue is proper in this Court because the collision between Defendants' commercial truck and Plaintiff's vehicle occurred in Lexington County, South Carolina.

### FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness/Negligence *Per Se*)

18. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

19. Defendant Bean was negligent, careless, reckless, negligent *per se*, and/or grossly negligent in at least one of the following ways:

    a. choosing to drive too fast for conditions;

    b. choosing not to keep his vehicle under proper control;

    c. choosing not to keep a proper lookout;

    d. choosing to drive distracted;

    e. choosing to violate state and federal laws and regulations;

    f. choosing to violate applicable South Carolina traffic statutes;

   g. choosing not to use the degree of care and caution that a reasonably prudent commercial truck driver would use under the circumstances; and

   h. in such other particulars that may be found through discovery or trial.

20. Defendant Seaco was negligent, careless, reckless and/or grossly negligent in at least one of the following ways:

   a. choosing not to adequately train personnel;

   b. choosing not to adequately supervise personnel;

   c. choosing to retain unqualified, unsafe personnel;

   d. choosing to violate federal and/or state regulations related to the operation of commercial motor vehicles;

   e. choosing to allow employees, agents, and/or servants to operate commercial motor vehicles despite knowledge of their inability to safely do so; and

   f. in such other particulars as may be found thorough discovery or trial.

21. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiff sustained serious damages, outlined in this Complaint and incorporated into this cause of action.

WHEREFORE, Ms. Heafner prays as follows: (a) that Ms. Heafner recover a judgment against the Defendants in the amount sufficient to compensate for her actual damages; (b) that Ms. Heafner recovers a judgment for an amount of punitive damages as authorized by law; (c) that Ms. Heafner recovers all costs associated with this action; and (d) that Ms. Heafner recovers such other relief as the Court may deem just and proper.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

**LAW OFFICE OF KENNETH E. BERGER, LLC**

s/ *Symone Kimelman*
A. Symone Kimelman | skimelman@bergerlawsc.com
(Federal ID # 14171)
Kenneth E. Berger | kberger@bergerlawsc.com
(Federal ID # 11083)
Law Office of Kenneth E. Berger, LLC
5205 Forest Drive
Columbia, SC 29206
Phone: (803) 790-2800
Fax: (803) 790-2870

Attorneys for the Plaintiff

August 9, 2024
Columbia, South Carolina